MAMMINA *v.* MONTEY.

1. AUTOMOBILES—TRAILERS—REPAIRS—TENDER—CONVERSION.
   Whether or not defendant garagekeeper's charges for repairs to refrigerator trailer were reasonable is not determined where no tender of any sum in payment for repairs was made, and defendant is not shown to have been guilty of conversion (1 Comp. Laws 1929, § 4793, as amended by Act No. 204, Pub. Acts 1941).

2. SAME—GARAGES—LIENS—TRAILERS—REPAIRS—CONVERSION.

> In view of statutory lien, a garagekeeper who retained possession of refrigerator trailer after making repairs thereon is not guilty of conversion where it does not appear he has sold it or that he is not in position to deliver it upon payment or tender of a just amount due for repairs thereon (1 Comp. Laws 1929, § 4793, as amended by Act No. 204, Pub. Acts 1941).

Appeal from Berrien; Evans (Fremont), J. Submitted April 4, 1945. (Docket No. 39, Calendar No. 42,901.) Decided May 14, 1945.

Case by Joseph R. Mammina, doing business as Michigan Tri-State Motor Express, against Emanuel Montey for conversion of a trailer. Judgment for defendant. Plaintiff appeals. Affirmed.

*Thomas N. Robinson,* for plaintiff.

*Edward A. Westin,* for defendant.

NORTH, J. Plaintiff, claiming conversion of an Aristocrat Refrigerator Trailer, sued defendant for the alleged value of the trailer in the amount of $650. The case was heard by the circuit judge without a jury. At the close of plaintiff's proof, defendant's motion for a judgment was granted. From the judgment entered in favor of defendant, plaintiff has appealed.

In April, 1942, plaintiff delivered the trailer to defendant for the purpose of defendant making repairs thereon. Defendant, who was called as a witness by plaintiff, testified: "I finished all of the repair work on this trailer June 30th. I didn't send Mr. Mammina any bill, just called him on the telephone." The matter ran along for some weeks or months; thereupon plaintiff's general manager

called upon defendant and sought to obtain possession of the trailer. Evidently defendant was not willing to release the trailer until the bill for repairs was paid. Plaintiff's general manager testified that he understood there was an old account due from plaintiff to defendant of "around sixty some odd dollars." This witness testified:

"I don't think I was told what the repairs to the trailer amounted to. I was not furnished at that time with an itemized account of the time and material that went into the repairs of the trailer. I did not ask for those items. * * * I offered to pay for the repairs on the trailer if it was produced. * * * I do not recall the total amount claimed by Montey for repairs on this trailer at that time."

There is some conflict in the testimony as to whether the amount claimed by defendant as due him was $300 or $350. However, attached to his answer is a bill for the repairs made on this trailer in the amount of $300. Plaintiff's manager, who claimed to be somewhat skilled in the reasonable charge for repairing vehicles of this character, testified: "I would judge that between thirty-five and fifty (dollars) should have covered the entire job and would have been a fair value to pay for repairs." But there is no testimony that plaintiff or any one representing him at any time tendered any amount whatever in payment of the repair bill on this trailer. On October 31, 1942, defendant wrote plaintiff's attorney a letter in which he stated:

"Mr. Mammina was notified personely also by phone for several months to pick up his trailer and pay for the bill of repairs and material used on the trailer. He has payed know attention to it at any time. *Mr. Mammina can have his trailer any time he has the cash money to pay his bill on the trailer.*"

We deem it unnecessary to determine whether defendant's charge for repairs on the trailer is reasonable or unreasonable for the reason that plaintiff's general manager gave testimony to the effect that the reasonable charge for these repairs was $35 to $50, but at no time has there been a tender to defendant of payment of any amount for these repairs. Under such circumstances by reason of his statutory lien (1 Comp. Laws 1929, § 4793, as amended by Act No. 204, Pub. Acts 1941 [Comp. Laws Supp. 1943, § 4793, Stat. Ann. 1944 Cum. Supp. § 9.1711]), defendant was within his legal rights in declining to deliver possession of the trailer.

There is some testimony as to defendant having removed the trailer to some other location from his regular place of business, and also as to defendant's having been advised that he had the right to sell the trailer. But the record does not show that defendant sold the trailer or that he is not in position to deliver the same upon payment or tender of a just amount due for repairs thereon. The circuit judge correctly held defendant was not guilty of conversion.

The judgment entered in the circuit court is affirmed, with costs to appellee.

STARR, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.